UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JIMMY PEREZ AYON,<br><br>　　　　Defendant. | No. 2:22-cr-00176-TLN |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOSE SANTANA AYON ARAGON,<br>　　　　Defendant. | No. 2:22-cr-00178-TLN |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMALIA REBECCA GONZALEZ,<br><br>　　　　Defendant. | No. 2:22-cr-00177-JAM<br><br>**RELATED CASE ORDER** |

1

Plaintiff filed a Notice of Related Cases on December 19, 2022.  Examination of the above-captioned actions reveals they are related within the meaning of Local Rule 123 (E.D. Cal. 1997).  Pursuant to Rule 123 of the Local Rules of the United States District Court for the Eastern District of California, actions are related when they involve the same parties and are based on the same or similar claim(s); when they involve the same transaction, property, or event; or when they "involve similar questions of fact and the same question of law and their assignment to the same Judge . . . is likely to effect a substantial savings of judicial effort." L.R. 123(a).  Further,

> [i]f the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

L.R. 123(c).

In *United States v. Perez Ayon*, Case No. 2:22-cr-0176-TLN, Defendant Jimmy Perez Ayon was charged in a five-count Indictment on August 11, 2022.  In *United States v. Ayon Aragon*, Case No. 2:22-cr-0178-TLN, Defendant Jose Santana Ayon Aragon was charged in a three-count Indictment on August 11, 2022.  In *United States v. Gonzalez*, Case No. 22-cr-0177-JAM, Defendant Amalia Rebecca Gonzalez was charged in a six-count Indictment on August 11, 2022.  The conspiracy charged in Count One of each Indictment is identical.  Because all three Defendants are alleged to have joined the same conspiracy, the Government indicates its evidence for the conspiracy charge in each case is substantially the same.

Accordingly, pursuant to Local Rule 123, the cases involve the same parties and/or witnesses, and most of the evidence for the conspiracy charges is the same.  Reassignment of the cases to the same district judge is "likely to effect a substantial savings of judicial effort" because it will necessarily avoid the "substantial duplication of labor" by the judiciary of this district, including any issues regarding discovery or admissibility of evidence and any questions of law that may arise thereto.  *See* E.D. Cal. L.R. 123(a)(3)-(4).

Relating the cases under Local Rule 123, however, merely assigns these cases to the same judge, it does not consolidate them.  Under the regular practice of this Court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned.

1  Should either party wish to consolidate the actions, the appropriate motion or stipulation must be
2  filed.
3      IT IS THEREFORE ORDERED that the action denominated 2:22-cr-00177-JAM is
4  reassigned to District Judge Troy L. Nunley, and the caption shall read 2:22-cr-00177-TLN.  Any
5  dates currently set in 2:22-cr-00177-JAM are hereby VACATED.
6      IT IS SO ORDERED.
7  **DATED:  January 6, 2023**

Troy L. Nunley
United States District Judge